IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Will Roger Jones, | ) | |
| | ) | |
| Petitioner, | ) | C/A NO.: 2:03-3861-18 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 8, 2003, petitioner Will Roger Jones ("Jones") timely filed the instant motion under 28 U.S.C. § 2255 raising numerous ineffective assistance of counsel claims at both the trial and appellate level. Petitioner also requested an evidentiary hearing. After the Government filed its motion for summary judgment on April 9, 2004, this court issued a Roseboro order on April 14, 2004. On May 10, 2004, this court granted petitioner's request for additional time to respond, and petitioner filed his response on June 3, 2004.

The court has reviewed the complete record in this case. For the reasons set forth below, the court grants the Government's motion for summary judgment.

**I.     PROCEDURAL HISTORY**

On February 9, 2001, a jury found petitioner guilty on a six count superseding indictment charging bank robbery and various weapons violations. A sentencing hearing was held before Judge David C. Norton on February 21, 2002, in which petitioner was sentenced to a total of 480 months in prison. (Cr. No. 2:00-446). Petitioner appealed on February 22, 2002, and on October 25, 2002, the Fourth Circuit Court of Appeals

1

affirmed the district court.

## II.     FACTUAL BACKGROUND

On May 25, 2000, a teller working for the First National Bank in Summerville, South Carolina arrived at work. As she unlocked the bank, she was approached by a white male carrying a black ski mask and a silver hand gun. He told her to do as directed or he may have to shoot her and himself. After both the teller and the white male entered the bank, the man put the ski mask on and told the teller to turn off the surveillance cameras. Hiding behind the counter, the man waited for another teller to arrive stating that he knew it took two tellers to open the vault. When the second teller arrived, another white male entered the bank with her. He was wearing a black ski mask and carried a brown duffle bag and what appeared to be a pipe bomb. While the second male kept lookout, the first male gained access to the vault and removed over $18,000.00. The two robbers left the bank instructing the tellers not to turn on the alarm for thirty minutes. The two men then entered a gray vehicle and drove away while the tellers immediately turned on the alarm and called 911. The Dorchester County Sheriff's Office responded and were advised of the general direction of travel of the two bank robbers.

Moments later, Dorchester County Sheriff's Deputies observed a gray Ford Crown Victoria occupied by two white males traveling west on Highway 61. Matching the description given by the two bank tellers, the deputies signaled the vehicle to stop. The vehicle sped away and a chase ensued during which the suspects threw money, gloves, ski masks and a brown bag out the window and fired shots at the deputies. Shortly thereafter, the vehicle crashed in Colleton County and the two men fled into a nearby wooded area. One of the robbers was soon apprehended and was recognized by

deputies as being the driver of the vehicle. He was identified as petitioner. Jones was arrested, advised of his rights, and provided treatment by local EMS after complaining of back injuries. After being read his rights, petitioner stated that he and his brother, Michael Allen Jones, had robbed the First National Bank. He further stated that his brother was carrying a .32 caliber revolver.

Petitioner alleges the following claims of ineffective counsel at the trial, sentencing, and appellate stages:

1. Failure by trial counsel Gwendolyn Robinson to properly interview and investigate witnesses and prepare a defense;

2. Failure by trial counsel to prepare and present a duress argument to the jury;

3. Failure by trial counsel to file proper motions to exclude an in-court identification;

4. Failure by trial counsel to inform petitioner of possible sentencing;

5. Failure by trial counsel to move for a mistrial;

6. Failure by trial counsel to resolve a conflict of issue argument;

7. Failure by trial counsel to investigate a "history of firearms" or hire an expert witness;

8. Failure by sentencing counsel Lionel Lofton to object to petitioner's qualifications as a career offender;

9. Failure by trial counsel to investigate and interview witnesses regarding a map seized at petitioner's residence;

10. Failure by counsel at sentencing to argue that petitioner's prior

   convictions should be treated as one conviction for purposes of his guideline calculations;

11. Failure by trial counsel to object to "double-counting" for purposes of his guideline calculations;

Petitioner also alleges ineffective assistance of counsel at the appellate level:

1. Failure by petitioner's appellate counsel Lionel Lofton to raise on appeal the district court's decision to not sever petitioner's case from that of his co-defendant;

2. Failure by appellate counsel to raise the issues of discovery, misconduct, and in-court identification;

3. Failure by appellate counsel to raise the "<u>Lopez-Morrison</u> Commerce Clause" issue;

4. Failure by appellate counsel to raise the issue of the "antique" firearm;

5. Failure by appellate counsel to argue that the indictment against him prejudiced his criminal proceedings.

### III. ANALYSIS

#### a. Ineffective Assistance of Counsel at Trial Phase

Claims of ineffective assistance of counsel are governed by the two prong test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-92 (1984). Under the <u>Strickland</u> test, petitioner must demonstrate: (1) counsel's performance fell below an objective professional standard of reasonableness; and (2) counsel's deficiencies prejudiced his defense. <u>Strickland</u>, 466 U.S. at 687-92. As to the first prong of the <u>Strickland</u> test, counsel's performance is deficient if it fails to meet a standard of

"reasonably effective assistance." Id. 466 U.S. at 687.  When assessing counsel's performance under the first prong, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 680.  In addition, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In order to succeed under the second prong of Strickland, petitioner "must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  Petitioner bears the burden of proving prejudice, and if he cannot meet this burden, then the performance prong of Strickland need not be addressed.  See Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

As detailed below, petitioner's claims of ineffective assistance do not meet these standards.

      **i.**      **Allegations Regarding Trial Strategies**

Jones asserts that his trial counsel was ineffective for failing to conduct a proper investigation and prepare a defense.  The alleged deficiencies include failure to interview witnesses, failure to raise the issue of duress, failure to investigate possible sentence, and failure to investigate a firearms issue.

Jones argues that he provided a list of names that he feels his counsel should have interviewed and called as witnesses.  The Fourth Circuit has held that "Strickland's objective reasonableness prong requires counsel to conduct appropriate factual and legal inquiries and to allow adequate time for trial preparation and development of defense

strategies." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998). While "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." Id. (quoting Gray v. Lucas, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982)). Further, under Strickland, the decision of whether to call a witness at trial is one of trial strategy which is presumed to have been "sound." Strickland, 466 U.S. at 689. When faced with making the reasonableness determination, the court recognizes that counsel's decision to call a witness is "an intrinsic part of defense counsel's choice of strategy. Such weighing should not be labeled ineffective assistance merely because the choice of strategy has been unsuccessful." Goins v. Angelone, 52 F.Supp.2d 638, 661 (E.D. Va. 1999) (citing Strickland, 466 U.S. at 689).

Jones asserts that counsel failed to raise the issue of duress. Petitioner claims that duress and fear of his brother influenced his participation in the robbery. He alleges that defense should have been brought before the jury. However, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690-91. A defense of duress requires an immediate threat of death or serious bodily injury, a well grounded fear that the threat will be carried out, and lack of a reasonable opportunity to escape the threatened harm. United States v. Becerra, 992 F.2d 960, 964 (9th Cir. 1993). Jones claims that he feared his brother's violent behavior and threats the brother may or may not have made against his family. There is nothing in the record to support this claim. Moreover, even assuming that Jones feared his brother, he had ample opportunity to seek help from

6

outside sources and/or escape any threatened harm allegedly posed by his brother.

Jones' claims that counsel was deficient for failing to apprize him of his possible sentence is also without merit. Assuming that trial counsel was deficient for failing to investigate this issue, petitioner cannot show that but for counsel's error there is a reasonable probability that the end result would have been different. To establish prejudice from counsel's failure to investigate his possible sentence, petitioner must show that the results of an investigation would have changed the outcome of the trial. Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996) (citing Stewart v. Nix, 31 F. 3d 741, 744 (8th Cir. 1994)). Petitioner has not provided evidence for this claim.

Finally, Jones asserts that trial counsel was ineffective for failing to investigate the firearms in question in the case. Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Petitioner offers no evidence of what further investigation of the firearms would do to support his defense. When the record shows that counsel was clearly informed and petitioner can offer no additional information that would be learned from its discovery, an ineffective assistance of counsel claim must fail. Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986). Further, "ineffective assistance of counsel claims based on a duty to investigate must be considered in light of the strength of the Government's case." Id.

### ii.     In-Court Identification

Petitioner contends that his counsel was deficient by failing to file motions to exclude the in-court identification by Lt. Martin J. Villa of the Dorchester County Sheriff's Department. Further, Jones asserts that had counsel properly prepared and

investigated his case, she would have been aware of the possibility of Villa's testimony. The record reflects that counsel did object at trial to the in-court identification, arguing that she did not have proper notice. In response, the Government argued that it was unaware that this information existed at the time it responded to Jones' pretrial motion to suppress. As the Government only learned of the information the Friday before the trial's commencement, it was not obligated to disclose such information under 18 U.S.C. § 3500. Furthermore, defense counsel was permitted to cross examine the witness outside the presence of the jury to determine if the identification was improperly suggestive or unreliable. This line of questioning failed to establish that the identification was improper or suggestive, and thus Lt. Villa's testimony was admitted. This issue is without merit.

### iii.     Closing Argument

Petitioner asserts that he suffered prejudice as a result of counsel's failure to object when, during his co-defendant's attorney's closing argument, a reference was made that the Government had proven that Jones was the driver of the gray "get away" car. Statements made during opening and closing arguments are not evidence and the jury was instructed on numerous occasions not to take such statements as evidence. There is no evidence that the jury did not observe that instruction. Thus, this argument is without merit.

### iv.     Conflict of Interest

Petitioner asserts that he was prejudiced because a prior conflict of interest "motion" was never resolved. This issue was raised in petitioner's post-trial letter to the court complaining about his counsel and counsel's alleged failure to represent his

interests. Judge Falcon B. Hawkins addressed this issue in a December 4, 2001 order. As such, this claim is unavailing.

### v.     Failure to Object to Career Offender Status

Petitioner contends that his sentencing counsel was ineffective for failing to object to the career offender status imposed upon petitioner for purposes of sentencing. However, sentencing counsel did file an objection to petitioner's enhancement under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(b)(2). This objection is reflected in a supplemental addendum to the Presentence Report. In addition, sentencing counsel also raised the issue on appeal. Sentencing counsel argued the issue at both the sentencing and the appellate levels. Petitioner's assertion that he suffered ineffective assistance of counsel as to this issue is without merit.

### vi.     Double Counting

Petitioner alleges that sentencing counsel was deficient for failing to object to the government's use of the sentencing guidelines to double-count for the same offense of possessing a firearm with an obliterated manufacturer's serial number. Petitioner was charged and convicted under 18 U.S.C. §922(k) and then enhanced via U.S.S.G. §2k2.1(6)(4), for possession of firearm with an obliterated serial number. As acknowledged in his response to the government's supplemental memorandum dated November 4, 2004, petitioner's career offender classification deems this sentencing enhancement moot. (See Pet's mem. in opp'n to summ. j. at 5, n. 1.) Thus, petitioner can offer no evidence that counsel's failure to object to this enhancement would change the outcome of the proceeding. Therefore, petitioner's claim of ineffective assistance of counsel for failure to object to the sentencing enhancement is without merit.

### b. Ineffective Assistance of Counsel at Appellate Phase

#### i. Severance

Petitioner asserts that his appellate counsel should have raised the issue of severance with the Fourth Circuit. Under Fed. R. Crim. P. 8(b), "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In the instant case, joinder was proper in that both Jones and his brother were involved in the planning and execution of the alleged crime. It is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). Further, unless "a miscarriage of justice" will result, there is an expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. 200, 206-11 (1987). Petitioner does not identify special or unusual circumstances that would have justified severance of the case.

#### ii. In-Court Identification

Petitioner contends that counsel was ineffective for failing to raise the in-court identification issue before the Fourth Circuit. Trial and appellate counsel argued this issue in a motion for new trial filed on June 11, 2001. An order issued by Judge Hawkins on December 4, 2001 stated, in part, that the issue of in-court identification was not part of petitioner's original motion for new trial, but was a new issue added as part of a supplemental memorandum. As such, petitioner was barred from making such a claim because by that time, the district court was without jurisdiction to hear such new grounds.

### iii.     Failure to Investigate Firearms Issue

Petitioner asserts that appellate counsel was ineffective for failing to argue on direct appeal the type and date of manufacture of the firearm involved in the case. Petitioner offers no evidence as to how such an investigation would aid his defense. As a result, this claim of ineffective assistance of counsel due to failure to investigate lacks merit.

### vi.     "Lopez-Morrison" Objection

Petitioner asserts appellate counsel did not raise the "Lopez-Morrison" objection which was preserved on appeal. Petitioner's argument is unclear. Assuming petitioner is challenging the interstate commerce aspect of First National Bank, such an objection is without merit. Commerce clause challenges to Congress's authority to enact 18 U.S.C. § 2113 ("Bank robbery and other crimes") have failed, see United States v. Jones, No. 01-4751, 2002 WL 1492264 (4th Cir. July 15, 2002) and been deemed "untenable," United States v. Wicks, 132 F.3d 383, 390 (7th Cir. 1997).

### v.     Indictment and Superseding Indictment

Petitioner asserts that he suffered ineffective assistance because counsel did not object to the Indictment and the Superseding Indictment. This claim is without merit as both the Indictment and the Superseding Indictment were consistent with the requirements of Fed. R. Crim. P. 7(c)(1). Under Fed. R. Crim. P. 7(c)(1), "the indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." The indictments at issue comply with this requirement.

      **c.**      **Evidentiary Hearing**

Petitioner moves for an evidentiary hearing as to all of the claims set forth in the instant petition. In order to obtain an evidentiary hearing in an ineffective assistance of counsel claim, petitioner must come forward with some evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Id. Petitioner is not entitled to an evidentiary hearing on this matter because there is no evidence that his claims have merit.

**V.**      **CONCLUSION**

Petitioner has failed to meet his burden to establish a claim of ineffective assistance of counsel. As such, petitioner fails to state a claim for which relief can be granted. For these reasons, it is therefore **ORDERED** that petitioner's §2255 motion be **DENIED**.

It is further **ORDERED** that petitioner's claim be dismissed and that the Government's motion for summary judgment be **GRANTED**.

      **AND IT IS SO ORDERED**.

      _____
      **DAVID C. NORTON**
      **UNITED STATES DISTRICT JUDGE**

**July 19, 2006**
**Charleston, South Carolina**