IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| WILL ROGERS JONES, | ) | |
| | ) | Civil No. 2:03-cv-03861-DCN |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Will Rogers Jones' pro se motion to set aside an order pursuant to Federal Rule of Civil Procedure 60, subsections (b)(4) and (6). In response, the government filed a motion to dismiss the petition, or in the alternative, a motion for summary judgment. For the reasons set forth below, the court dismisses the motion for lack of jurisdiction.

## I. BACKGROUND

On February 9, 2001, a jury found petitioner guilty of bank robbery and multiple weapons offenses, and on February 21, 2002, the undersigned sentenced petitioner to 480 months in prison. On February 22, 2002, petitioner filed a direct appeal, and the Fourth Circuit affirmed petitioner's conviction and sentence on October 25, 2002.

On December 8, 2003, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner asserted numerous ineffective assistance of counsel claims, both at the trial and appellate level, including failure to object to an allegedly improper calculation of his base offense level under the sentencing guidelines and failure to challenge the

1

convictions used to sentence petitioner as a Career Offender.  This court addressed these allegations in an order dated July 19, 2006, and found them without merit.  Petitioner appealed this court's ruling, and the Fourth Circuit dismissed his appeal on December 21, 2006.

On February 16, 2011, petitioner filed the instant pro se motion.  Petitioner claims that: (1) this court improperly applied the sentencing guidelines, (2) petitioner's due process rights were violated by ineffective counsel at the sentencing, and (3) both his sentence and § 2255 judgment should be voided.

## II.  PRO SE PETITIONS

Petitioner is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions.  United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## III.  DISCUSSION

Prior to any review on the merits, the district court "must examine the Rule 60(b) motions received in collateral review cases to determine whether such motions are tantamount to successive applications." Winestock, 340 F.3d at 207.

> As amended by the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)], § 2255 bars successive applications unless they contain claims relying on
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C.A. § 2255 ¶ 8.

Id. at 204.  The restriction on successive applications applies to both novel claims brought in a second or successive application, as well as those claims that merely repeat the claims presented in a previous application.  Id.   While there is no magic formula for making a distinction between a successive and a non-successive Rule 60(b) motion, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." Id. at 207.  The purpose of this review is to "distinguish a proper Rule 60(b) motion from a 'successive application in 60(b)'s clothing.'" Id. (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002)).  If this court finds a motion successive to a previous application, it "must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth

Circuit] so that [they] may perform [their] gatekeeping function under § 2244(b)(3)." Winestock, 340 F.2d at 207.

This court has liberally construed petitioner's allegations, but cannot find any non-successive claims within his Rule 60(b) motion. In alleging that the court improperly applied the sentencing guidelines, petitioner is merely repeating a claim rejected by both this court and the Fourth Circuit on direct appeal. This court considered and dismissed petitioner's ineffective assistance of counsel claims in petitioner's previous § 2255 motion, and the Fourth Circuit summarily dismissed these claims. Petitioner's third and final claim is essentially a restatement of his first two claims in a conclusory fashion.

Petitioner has not articulated, nor can this court discern, anything more than a successive application to his previous § 2255 motion. Petitioner's Rule 60(b) motion is an attempt to have this court re-review his prior arguments under the guise of a new heading. This court does not have the jurisdiction to consider such matters without the express permission of the Fourth Circuit. See Winestock, 340 F.3d at 205 (citing 28 U.S.C. § 2244(b)(3)). Therefore, for the reasons set forth above, defendant's motion to dismiss is **GRANTED**, and petitioner's motion is **DISMISSED** for lack of jurisdiction.

**AND IT IS SO ORDERED.**[1]

---

[1] Accordingly, petitioner's motion to stay and request for judicial review, filed on April 18, 2011, is **DENIED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**August 30, 2011**
**Charleston, South Carolina**